UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CRYSTAL L. BREHM,

                Plaintiff,

Case No. 5:12-CV-0579 (GTS/TWD)

v.

TOMPKINS CONSOL. TRANSIT, INC.,

                Defendant.
_____

APPEARANCES:                                              OF COUNSEL:

WIGGINS & KOPKO, LLP                          EDWARD E. KOPKO, ESQ.
  Counsel for Plaintiff
308 North Tioga Street
Ithaca, New York 14850

SMITH, SOVIK, KENDRICK & SUGNET, P.C.      EDWARD J. SMITH, ESQ.
  Counsel for Defendant
250 South Clinton Street, Suite 600
Syracuse, New York 13202

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this action filed by Crystal Brehm ("Plaintiff" or "Brehm") against Tompkins Consolidated Area Transit, Inc., ("Defendant" or "TCAT") is Defendant's motion to dismiss Plaintiff's Complaint for lack of personal jurisdiction and/or insufficient process pursuant to Fed. R. Civ. P. 12(b)(2), (4) and C.P.L.R. § 305(b).  (Dkt. No. 3.)  For the reasons set forth below, Defendant's motion is denied.

I.      **RELEVANT BACKGROUND**

    A.      **Complaint and Supporting Allegations**

Liberally construed, Plaintiff's Complaint asserts the following four claims against

Defendant: (1) violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, *et*

*seq.*; (2) violation of Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. §

794(a); (3) common-law negligence premised on the violation of duties imposed by the ADA,

the Rehabilitation Act, and associated federal regulations; and (4) negligence per se, premised on

the violation of federal regulations. (Dkt. No. 1, Attach. 4.) Generally, Plaintiff's claims arise

from the following factual allegations.  (*See generally id*.)

Brehm is a resident of Tompkins County, New York, who has cerebral palsy and is

confined to a wheelchair. TCAT is a public transportation company that owns and operates a bus

system in Tompkins County. On January 23, 2009, Brehm boarded and payed fare as a passenger

on a TCAT bus. As a result of her cerebral palsy, and because of the design of the securement

system on the bus, Brehm was unable to operate the securement system without assistance. The

operator knew that Brehm as a result of her disabilities was unable to operate the securement

system and that assistance was necessary for Brehm to be safely secured. However, the operator

failed to secure Brehm's wheelchair to the floor of the bus or to the wall of the bus.

At about 12:45 p.m., Brehm pressed the "disabled passenger request for stop/

disembarkation" button, which signaled that a disabled passenger had made a request to stop or

disembark. Because Brehm's wheelchair was not secured by a securement system to the bus,

Brehm's wheelchair was caused to rotate and tilt suddenly when the bus forcefully lurched into a

turn. This violent rotation caused her to be thrown sideways in a dangerous fashion and caused

her upper body, with great force, to flip over the side of her wheelchair, resulting in serious injuries to her neck and spine, along with other parts of her body.

### B.      Relevant Procedural History

Plaintiff served a summons in Tompkins County Supreme Court on January 9, 2012. (Dkt. No. 3, Attach. 2.) Defendant served a notice of appearance and a demand for the Complaint on February 16, 2012. (Dkt. No. 3, Attach. 3.) Plaintiff filed a Complaint in the office of the Tompkins County Clerk on March 7, 2012. (Dkt. No. 3, Attach. 4.) Defendant filed for notice of removal to this Court on April 5, 2012. (Dkt. No. 1.) Defendant then filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), Fed. R. Civ. P. 12(b)(4) and C.P.L.R. § 305(b) on May 3, 2012. (Dkt. No. 3.)

### C.      Parties' Briefing on Defendant's Motion

Generally, in support of its motion to dismiss, Defendant argues that Plaintiff's complaint should be dismissed for lack of personal jurisdiction and/or insufficient process for the following two reasons: (1) Plaintiff's cryptic and vague use of the non-specific designation "negligence" in the notice, without any accompanying description, was ambiguous and confused Defendant, who could not be expected, based on such a description, to ascertain the nature of the possible cause(s) of action against it, which also included a violation of the ADA, a violation of the Rehabilitation Act, and negligence per se; and (2) the notice required by C.P.L.R. § 305(b) has an important purpose of ensuring that a defendant is placed on notice of a claim against it and allowed preparation of a defense before evidence is lost, discarded or grows stale. (Dkt. No. 3, Attach. 5.)

3

Generally, in response, Plaintiff asserts that following two arguments: (1) Plaintiff's summons with notice meets the requirements of CPLR § 305(b) because it provides Defendant with "at least basic information concerning the nature of Plaintiff's claim and the relief sought"; and (2) Defendant has not shown that it's defense of this action was in any way hindered by Plaintiff's notice. (Dkt. No. 4.)

Generally, in reply, Defendant asserts the following three arguments: (1) the nature of Plaintiff's action was not capable of divination from the bare assertion of negligence; (2) Plaintiff's reference to detail included in her Complaint cannot be used to bolster the lack of notice in the summons, which was filed without a Complaint; and (3) allowance of a claim otherwise barred by the statute of limitations in undeniably prejudicial. (Dkt. No. 5.)

## II.     RELEVANT LEGAL STANDARDS

Section 305(b) of the N.Y. C.P.L.R. was amended in 1979 so as to provide as follows: "If the complaint is not served with the summons, the summons shall contain or have attached thereto a notice stating the nature of the action and the relief sought, and, except in an action for medical malpractice, the sum of money for which judgment may be taken in case of default." N.Y. C.P.L.R. § 305(b) (McKinney 1990). The legislative history behind the 1979 amendments reveals that the New York legislature's intention was to "bring the provision 'in[to] harmony with modern notions of notice pleading . . . [by assuring] defendants at least basic information concerning the nature of the plaintiff's claim and the relief sought.'" *Univ. Motors Group of Cos., Inc. v. Wilkerson*, 674 F.Supp. 1108, 1112 (S.D.N.Y. 1987) (quoting The Judicial Conference Report on the Civil Practice Law and Rules, 1978 N.Y. laws 1847, 1881) (alterations in original).  If the notice was defective under Section 305(b), then the Court lacks personal

4

jurisdiction, and must indeed dismiss the complaint. *Brady v. Drummer*, 04-CV-1126, 2005 WL 1871183, at \*1-4 (N.D.N.Y. Aug. 3, 2005) (Kahn, J.). *Parker v. Mack*, 61 N.Y.2d 114, 117-18 (N.Y. 1984).

## III.    ANALYSIS

After carefully considering the matter, the Court must deny Defendant's motion for the reasons set forth in Plaintiff's opposition memorandum of law. The Court would add only the following analysis.

Generally, those few New York State Courts that have specifically addressed the issue presented by this action have held that the dismissal of an entire complaint is inappropriate where a notice stated only one of several claims asserted in the complaint. *See*, *e.g.*, *Connolly v. Napoli, Kaiser & Bern, LLP*, 817 N.Y.S.2d 872, 875 (N.Y. Sup. Ct., N.Y. Cnty., 2006) (permitting notice to state "breach of contract" even though other causes of action included retaliatory discharge, extortion, and breach of fiduciary duty); *cf. Rowell v. Gould, Inc.*, 508 N.Y.S.2d 794, 795 (N.Y. App. Div., 4th Dept. 1986) (permitting notice to state "negligence," even though action arose out of explosion of automobile battery, suggesting other claims may have included breach of warranty and strict liability).

Generally, these courts reason that, where a plaintiff has at least tried to describe, in the notice, the nature of the action, he should avoid dismissal due to his failure to fully describe the action. *See*, *e.g.*, *Wagenknecht v LoRusso*, 467 N.Y.S.2d 532, 534 (N.Y. Sup. Ct., Nassau Cnty., 1983). In addition, these courts appear to reason that the required particularity of the notice is diminished by the early nature of the action. *See*, *e.g.*, *Grace v Bay Crane Serv. of Long Is., Inc.*, 785 N.Y.S.2d 472, 473-74 (N.Y. App. Div., 2d Dept. 2004); *Bergman v. Slater*, 609 N.Y.S.2d

737, 737 (N.Y. App. Div., 4th Dept. 1994); *Pilla v La Flor De Mayo Express*, 595 N.Y.S.2d 678, 678 (N.Y. App. Div., 1st Dept. 1993).

For these reasons, Plaintiff's Complaint survives Defendant's motion to dismiss.

**ACCORDINGLY,** it is

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 3) is **<u>DENIED</u>**; and it is further

**ORDERED** that this case is referred back to Magistrate Judge Dancks for a Rule 16 conference and to set pretrial scheduling deadlines.

Dated: June 13, 2013
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

6